## John S. Snyder, Appellant, *v.* A. J. Kelly & Co.

*Execution—Postponement by interference with writ.*

A notice or letter to a sheriff directing him " to indorse on a testatum writ of fi. fa. the date of receipt of same and I will furnish you with a description of property upon which levy is to be made at an early date," does not involve such interference by word or act with the execution of the writ as will postpone it to a subsequent writ of execution, the levy being made within the life of the writ.

Argued April 19, 1897. Appeal, No. 66, April T., 1897, by plaintiff, from decree of C. P. Washington Co., May T., 1895, No. 88, overruling exceptions filed and confirming report of auditor, distributing the proceeds of a sheriff's sale, sur writ of fieri facias issued. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Exception to auditor's report. Before McILVAINE, P. J.

It appears from the report of A. M. Todd, the auditor to whom was referred for distribution a fund arising under a sheriff's sale, that the writ of Ireland & Hughes, a testatum fi. fa., was placed in the hands of the sheriff of Washington county on April 17, 1895, returnable May 6, 1895. The plaintiff obtained judgment against the same defendant, and his writ was received by the sheriff May 6, 1895. A levy was made upon personal property of defendant on both writs, May 6, 1895. Other facts appear in the opinion of the court.

The fund being insufficient to pay both writs, the auditor

awarded the balance of the fund in court, to wit: $399.66, to the writ of Ireland & Hughes. Defendant filed exceptions to this finding of the auditor, which were dismissed by the court and report of the auditor confirmed. Plaintiff appealed.

*Errors assigned* among others were (1) in awarding the balance of the fund in court, in the above proceeding, to wit: $399.66 to Ireland & Hughes; (3) in finding as a matter of fact that the letter sent by Lee & Chapman, the attorneys for Ireland & Hughes, to the sheriff of Washington county, along with the testatum writ, issued out of the court of common pleas of Allegheny county, did not delay, interfere with or hinder the sheriff of Washington county, in the execution of the mandate of the said writ; (5) in finding that the sending of the said letter with the testatum writ was not a fraud, and was not done for the purpose of hindering, delaying and defrauding other creditors of A. J. Kelly & Co., John S. Snyder included; (10) in overruling exceptions to the auditor's report and confirming same absolutely.

*Jno. C. Bane*, for appellant.—The findings and conclusions of the auditor were clearly erroneous: Weir v. Hale, 3 W. & S. 285.

The object of the execution is the satisfaction of the debt, not security for it. The law will not endure the levying of an execution on goods, only as a security: Cowden v. Brady, 8 S. & R. 504; Com. v. Stremback, 3 Rawle, 340.

A question similar in every sense and feature to this came before the court in Eberle v. Mayer, 1 Rawle, 366.

Where the plaintiff directs the sheriff to delay the execution or sale the act is fraudulent: Berry v. Smith, 3 Wash. C. C. Rep. 60. See also Stern's Appeal, 64 Pa. 447.

*Lee & Chapman*, with them *Braden & Campbell*, for *Ireland & Hughes*.—That a valid levy may be made on a return day of an execution is a question that cannot be controverted: Sturge's Appeal, 86 Pa. 413. And that property levied upon by the sheriff may be sold after the return day of the writ is equally well settled: Dorrance, Admr., v. Com., 13 Pa. 160.

As the execution of Ireland & Hughes was issued on the

17th of April, 1895, and that of John S. Snyder on the 6th of May, 1895, it will be noticed that the lien of the former, first attached and thereupon became a lien upon all the defendant's personal property in the county from the time the writ came into the sheriff's hands : Duncan v. McCumber, 10 W. 212.

As this property was levied upon during the life of the first writ and sold at public sale after the usual notice, the first exe-cution is prima facie entitled to be first paid out of the proceeds of sale, and in order to postpone it to a subsequent execution, it is incumbent upon the subsequent execution creditor to show that it was issued or used for a purpose condemned by law : Sweet v. Williams, 162 Pa. 94.

There is no evidence of fraud on the part of Ireland & Hughes, and fraud is never to be presumed : Mead v. Conroe, 113 Pa. 220; Morton v. Weaver, 99 Pa. 47.

OPINION BY BEAVER, J., May 10, 1897 :

The parties to this controversy are the claimants of a fund in the hands of an auditor for distribution, arising out of the sale by the sheriff of the personal property of a common debtor, after the deduction of certain preferred claims for labor which are not in dispute here. The claim of Ireland & Hughes, the appellees, is founded upon a writ of test. fi. fa., issued out of the court of common pleas of Allegheny county, on the 17th of April, 1895, upon a judgment recovered by them the same day against the firm of A. J. Kelly & Co., which writ was re-ceived and indorsed by the sheriff of Washington county, to whom it was addressed: "Received at 4:50 o'clock P. M. 17th April, 1895." It was returnable May 6, 1895. The claim of the appellant is based upon a writ of fi. fa. issued upon a judgment obtained by him against the said A. J. Kelly & Co., which said writ was received by the sheriff May 6, 1895, at 8:28 A. M. A levy was made upon the personal property of the defendants on both writs May 6, 1895, the levy upon the appellant's writ being prior in point of time to that made upon the writ of the appellees. The personal property of the defend-ants levied upon by virtue of both writs was sold by the sheriff on the 13th of May, 1895. The fund raised by this sale, after the payment of certain preferred claims for labor and expenses of sale and audit, is in controversy, and is not sufficient to pay

either judgment.  Upon the face of these writs, without more, the money belongs to the appellees.  It is alleged by the appellant, however, that the appellees, subsequently to the issuing of their writ, so interfered with its execution by the sheriff as to postpone it to the one which was its junior, in accordance with the principle of Weir v. Hale, 3 W. & S. 285, and many subsequent cases.  The evidence upon which this allegation is based is found in a letter of Lee & Chapman, attorneys for the appellees, transmitting the writ of test. fi. fa. to the sheriff, the only sentence relating thereto being the following: " Please indorse thereon the date of your receipt of same (the writ inclosed) and I will furnish you with a description of property upon which levy is to be made at an early date." There is no evidence, and, so far as we can find, no allegation of subsequent interference by word or act, with the execution of the writ of test. fi. fa. by the sheriff on the part of the appellees or their attorneys.  The sole question covered by the numerous assignments of error, therefore, is, did the direction contained in the letter of Lee & Chapman above quoted constitute such an interference, or did it show such an intention to interfere with the execution of the writ in the hands of the sheriff as would postpone it to a writ which was its junior in point of time?  In other words, did it express any other than a bona fide intention of selling and making the money out of the property upon which the writ was a lien from the time of its receipt by the sheriff, so as to make it fraudulent as to subsequent judgment creditors?  This question was carefully and fully considered by the auditor whose report upon the subject is exhaustive and conclusive.  The report was upon exceptions, and after argument confirmed by the court below, and we can see no error therein.  There is nothing in the language employed by the attorneys of the appellees which in any way indicates a desire to do other than secure the money for their clients by the legitimate use of the writ transmitted to the sheriff.  A promise to furnish the officer charged with the execution of the writ with a description of the property upon which the levy is to be made is not in any way an interference with the discharge of his duty. It evinces rather a disposition to assist him in its discharge.  The information promised, at least so far as the location of the property was concerned, was furnished the sheriff on the last day of

the life of the writ, but it was in time, and enabled him to obey the mandate of his writ, before he was compelled to make return thereto. The disregard by the auditor of the testimony of J. B. Chapman certainly did the appellant no harm. The case of the appellees was made much stronger by his testimony than it was without it.

There is nothing else in the case requiring consideration. The assignments of error are all overruled, the decree of the court below is affirmed, and the appeal dismissed at the costs of the appellant.